**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lynal Medeiros and James Boyd, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   10 C 1140 |
| | ) | |
| Frederick J. Hanna & Associates, P.C., a | ) | |
| Georgia professional corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Lynal Medeiros and James Boyd, bring this action under the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that

Defendant's debt collection actions violated the FDCPA, and to recover damages for

Defendant's violation of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Lynal Medeiros ("Medeiros"), is a citizen of the State of

Massachusetts, from whom Defendant attempted to collect delinquent consumer debts

owed for Bank of America and Chase credit cards, despite the fact that he was

represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Plaintiff, James Boyd ("Boyd"), is a citizen of the State of Ohio, from whom Defendant attempted to collect a delinquent consumer debt owed for a FIA Card Services credit card, despite the fact that he was represented as to this debt by the legal aid attorneys at LASPD, in Chicago, Illinois.

5.      Defendant, Frederick J. Hanna & Associates, P.C. ("Hanna"), is a Georgia professional corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  In fact, Defendant Hanna was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiffs.

6.      From its offices in Georgia, Defendant Hanna operates a nationwide collection law firm that sends collection letters to virtually every State, including the State of Illinois.

## FACTUAL ALLEGATIONS

### Mr. Lynal Medeiros

7.      Mr. Medeiros is a senior citizen with limited assets and income, who fell behind on paying his bills, including bills owed for Bank of America and Chase credit cards.  When, at the beginning of October, 2009, Defendant Hanna began calling Mr. Medeiros, to attempt to collect these credit card debts from him, he told Hanna's debt collectors that he was represented by the legal aid attorneys at the Chicago Legal Clinic's LASPD program regarding Defendant Hanna's collection actions.

8.      Nonetheless, Defendant Hanna sent two collection letters, dated October 7, 2009, directly to Mr. Medeiros for two Chase credit card debts, and another collection

2

letter, dated October 28, 2009, for a Bank of America credit card.  These collection

letters are attached as Exhibits <u>A</u>, <u>B</u> and <u>C</u>, respectively.

      9.     Moreover, on November 3, 2009, one of Mr. Medeiros' attorneys

confirmed to Defendant Hanna that Mr. Medeiros was represented by counsel, and

directed Hanna to cease contacting him, and to cease all further collection attempts

because Mr. Medeiros was forced, by his financial circumstances, to refuse to pay his

unsecured debt.  Copies of this letter, fax confirmation, and U.S. Certified Mail and

return request receipts are attached as Exhibit <u>D</u>.

      10.    Nonetheless, Defendant Hanna sent a collection letter, dated November 6,

2009, directly to Mr. Medeiros, demanding payment of another Chase credit card debt.

A copy of this letter is attached as Exhibit <u>E</u>.

      11.    Accordingly, on November 19, 2009, Mr. Medeiros' attorneys had to send

Defendant Hanna another letter, directing it to cease communications and to cease its

collection attempts.  Copies of this letter, fax confirmation, and U.S. Certified Mail and

return request receipts are attached as Exhibit <u>F</u>.

**<u>Mr. James Boyd</u>**

      12.    Mr. Boyd is a disabled senior citizen, with limited assets and income, who

fell behind on paying his bills, including a bill for a FIA Card Services credit card.  When

Defendant Hanna began trying to collect this debt from Mr. Boyd, he sought the

assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program,

regarding his financial difficulties and Defendant Hanna's collection actions.

      13.    Accordingly, on March 11, 2009, Mr. Boyd's attorney at LASPD informed

Defendant Hanna, in writing, that Mr. Boyd was represented by counsel, and directed

Hanna to cease contacting him, and to cease all further collection attempts because Mr.

Boyd was forced, by his financial circumstances, to refuse to pay his unsecured debt.

Copies of this letter and fax confirmation are attached as Exhibit <u>G</u>.

14.     Nonetheless, Defendant Hanna sent a collection letter, dated January 7,

2010, directly to Mr. Boyd, demanding payment of the FIA credit card debt.  A copy of

this letter is attached as Exhibit <u>H</u>.

15.     Thus, on February 12, 2010, Mr. Boyd's attorneys had to send Defendant

Hanna yet another letter, directing it to cease communications and to cease its

collection attempts.  Copies of this letter and fax confirmation are attached as Exhibit <u>I</u>.

16.     All of the collection actions complained of herein occurred within one year

of the date of this Complaint.

17.     Defendant Hanna's collection communications are to be interpreted under

the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd.</u>

<u>Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Collections

18.     Plaintiffs adopt and reallege ¶¶ 1-17.

19.     Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they

refuse to pay.  <u>See</u>, 15 U.S.C. § 1692c(c).

20.     Here, the letters from Mr. Medeiros' and Mr. Boyd's agents/attorneys told

Defendant Hanna to cease communications and to cease collections.  By continuing to

communicate regarding these debts and demanding payment, Defendant Hanna violated § 1692c(c) of the FDCPA.

21.     Defendant Hanna's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

22.     Plaintiffs adopt and reallege ¶¶ 1-17.

23.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

24.     Defendant Hanna knew that Mr. Medeiros and Mr. Boyd were represented by counsel in connection with their debts because their attorneys had informed Defendant, in writing -- and Mr. Medeiros had also told Defendant Hanna verbally -- that they were represented by counsel, and had directed Defendant to cease directly communicating with them.  By directly sending Mr. Medeiros and Mr. Boyd the collection letters, despite being advised that they were represented by counsel, Defendant Hanna violated § 1692c (a)(2) of the FDCPA.

25.     Defendant Hanna's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C.  § 1692k.

**PRAYER FOR RELIEF**

Plaintiffs, Lynal Medeiros and James Boyd, pray that this Court:

1.      Find that Defendant Hanna's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiffs, Medeiros and Boyd, and against

Defendant Hanna, for statutory damages, costs, and reasonable attorneys' fees as

provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiffs, Lynal Medeiros and James Boyd, demand trial by jury.

Lynal Medeiros and James Boyd,


By: /s/ David J. Philipps_____
One of Plaintiffs' Attorneys

Dated:  February 19, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com